UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

POWER DISTRIBUTORS, LLC,

      **Plaintiff,**

  v.                                      Civil Action 2:25-cv-643
                                                  Chief Judge Sarah D. Morrison
                                                  Magistrate Judge Chelsey M. Vascura

SNOWDOG LLC,

      **Defendant.**

## OPINION AND ORDER

In this diversity action, Plaintiff, Power Distributors, LLC, sues Defendant, Snowdog, LLC, for breach of a distributorship agreement. Defendant counterclaims for breach of the same agreement. This matter is before the Court on Defendant's Motion to Transfer Venue (ECF No. 20.) For the reasons below, Defendant's Motion is **DENIED**.

      **I.**      **BACKGROUND**

Plaintiff is a distribution and warehousing company with its corporate headquarters in Ohio and additional distribution locations in Iowa, New York, and Utah. Defendant is an Iowa-based company that designs and sells tracked towing machines and related parts and accessories (the "Products"). In 2017, the parties entered into a distributorship agreement ("Agreement") whereby Defendant granted Plaintiff the exclusive right to sell the Products in the United States. (Distributorship Agreement, ECF No. 1-1.) The Agreement was amended via a 2019 Addendum, but the Addendum did not alter Plaintiff's exclusive right to sell the products within the United States. (Addendum, ECF No. 1-2.) Negotiations regarding the parties' business relationship have occasionally taken place in Ohio, including Defendant's traveling to Ohio once in 2016 and

twice in 2018. Plaintiff's management decisions regarding the products that Plaintiff will purchase, market, sell, finance, and distribute to dealerships and retailers are primarily made from Ohio. Although Plaintiff allowed Defendant to use Plaintiff's distribution center in Iowa to assemble Defendant's products, none of Plaintiff's employees in Iowa were responsible for managing Plaintiff's relationship with Defendant or for Plaintiff's marketing obligations under the agreement. Plaintiff stores Snowdog products primarily at its distribution center in Iowa, but also at distribution centers in New York and Utah. (Finn Decl. ¶¶ 6–12, ECF No. 23-1; Dunham Decl. ¶¶ 3–9, 15, ECF No. 23-2.)

Plaintiff alleges that despite the Agreement's exclusivity provisions, Defendant offered to sell the Products directly to an individual in Idaho. (Compl. ¶ 12, ECF No. 1; Dunham Decl. ¶ 16, ECF No. 23-2.) Plaintiff is currently unaware of any customers in Iowa that Defendant has solicited in violation of the exclusivity provisions of the Agreement. (Dunham Decl. ¶ 17, ECF No. 23-2.) Plaintiff alleges that Defendant has also breached the Agreement by failing to deliver Products to Plaintiff on the delivery date or within a reasonable time, and by failing to timely provide marketing materials as required by the Agreement. (Compl. ¶¶ 14–17.) Finally, Plaintiff alleges that Defendant breached the Agreement by failing to repurchase the Products in Plaintiff's possession following termination of the Agreement. (*Id.* at ¶ 18–24.)

Plaintiff commenced this action on June 10, 2025. (Compl., ECF No. 1.) Defendant answered and filed a counterclaim for breach of contract on August 11, 2025. (ECF No. 10.) Defendant alleges that Plaintiff breached the Agreement by failing to use its best efforts to market the Products, by refusing to permit inspections of Plaintiff's facilities, and by failing to comply in an unspecified manner with various other paragraphs of the Agreement and Addendum. (*Id.*) The subject Motion to Transfer Venue (ECF No. 20) followed on September 8,

2025. Defendant contends that the Southern District of Iowa is a more convenient forum under 28 U.S.C. § 1404(a) because Defendant's operations and employees are based in Iowa, documents and tangible evidence are located in Iowa, and that the case has little relevant connection with Ohio. (*Id.*) Plaintiff opposes transfer, contending that Plaintiff carried out its obligations under the Agreement in Ohio, that Defendant was required to deliver marketing materials to Plaintiff's headquarters in Ohio, and that Plaintiff suffered damage in Ohio from Defendant's breaches of the Agreement. (Pl.'s Mem. in Opp'n, ECF No. 23.)

## II. STANDARDS GOVERNING TRANSFER OF VENUE

Plaintiff seeks to transfer venue under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Thus, Courts considering transfer under § 1404(a) must first determine whether the action might have been brought in the requested transferee forum. *See*, *e.g.*, *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 169 (S.D. Ohio 2012). Ordinarily, this requirement will be satisfied when the defendant is amenable to process in the other jurisdiction. *Solari v. Goodyear Tire & Rubber Co.*, 654 F. App'x 763, 766 (6th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). "In rare cases an alternative forum may provide a remedy so 'clearly inadequate or unsatisfactory that it is no remedy at all'—for example 'where the alternative forum does not permit litigation of the subject-matter of the dispute.'" *Id.* (quoting *Piper Aircraft*, 454 U.S. at 254 & n.22 (1981)). "Law that is simply less favorable to the plaintiff in the alternative forum is not so extraordinary as to render that forum inadequate." *Hefferan*, 828 F.3d at 495.

Next, the court determines the amount of deference to be accorded the plaintiff's choice of forum. *Id.* "The Court must give foremost consideration to the plaintiff's choice of forum, and the balance must weigh 'strongly in favor of a transfer' before the Court should grant a Section

3

1404(a) motion." *W. & S. Life Ins. Co. v. Morgan Stanley Mortg. Cap., Inc.*, No. 1:11-CV-00576, 2011 WL 6372845, at *4 (S.D. Ohio Dec. 20, 2011) (citing *Nicol v. Koscinski,* 188 F.2d 537 (6th Cir. 1951); *Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 413 (6th Cir. 1998), and *Artisan Dev. v. Mountain States Dev. Corp.,* 402 F. Supp. 1312 (S.D. Ohio 1975)); *see also Atl. Marine*, 571 U.S. at 63 ("Because plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the 'plaintiff's venue privilege.'") (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 635 (1964)). Generally, the plaintiff's choice of his home forum is accorded substantial deference because it presumptively convenient. *Hefferan*, 828 F.3d at 493.

The Court then proceeds to consider "both the convenience of the parties and various public-interest considerations" to determine whether the transferee forum would be more convenient. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Factors relating to the convenience of the parties include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 62 n.6, quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n. 6 (1981). Public interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (cleaned up). The Court should "weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Id.* at 63 (cleaned up).

4

District courts have "broad discretion" in ruling on a motion to transfer under § 1404(a). *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). The moving party bears the burden of proving that a change of venue from one proper venue to another is warranted. *Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 619 n.2 (6th Cir. 2025) (collecting cases). Specifically, the moving party must establish that transfer would allow for the litigation to proceed in a *more* convenient forum, not merely "a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

### III. ANALYSIS

The Court finds that the relevant factors do not strongly favor maintaining this action in either Iowa or Ohio. But because Defendant bears the burden of demonstrating that the requested transfer would result in a *more* convenient forum, transfer is not appropriate in this case.

First, the parties do not dispute that Plaintiff or Defendant could have commenced their actions in either the Southern District of Iowa or the Southern District of Ohio, or that personal jurisdiction and venue would be proper in either forum. Thus, both the Southern District of Iowa and the Southern District of Ohio are districts in which this action might have been brought for purposes of § 1404(a).

Next, the undersigned finds that Plaintiff's selection of its home forum should be afforded substantial deference, as it is presumed to be convenient. *See Hefferan*, 828 F.3d at 493; *W. & S. Life Ins. Co.*, 2011 WL 6372845, at *4. Moreover, given Plaintiff's and the Agreement's connections to Ohio—i.e., Plaintiff is headquartered in Ohio, negotiated the terms of the Agreement from Ohio (including meeting with representatives of Defendant in Ohio), manages its relationship with Defendant from Ohio, and receives marketing materials under the Agreement in Ohio— the undersigned does not find this is the type of case in which the plaintiff's choice of forum is entitled to little weight because "the cause of action has little

5

connection with the chosen forum." *See DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 902–03 (S.D. Ohio 2013) (noting that a plaintiff's choice of forum is given less weight when the cause of action has little connection with the forum, but concluding that transfer was not warranted, in part because the party seeking transfer "undervalue[d] the relationship of Plaintiff, and its claims, to this forum").

As to the factors concerning convenience of the parties, Defendant has not demonstrated that Iowa will be a more convenient forum. Yes, Defendant's headquarters, employees, and relevant evidence are located in Iowa, and any alleged breaches by Defendant would be connected to Iowa. But the converse is true for Plaintiff and Ohio. And in any case, the prevalence and ease of electronic document production and video conferencing have reduced the importance of the location of witnesses and documentary evidence. *See Bartell v. LTE Club Operations Co.*, No. 2:14-CV-00401, 2015 WL 770341, at *6–7 (S.D. Ohio Feb. 23, 2015), *report and recommendation adopted*, 2015 WL 1730415 (S.D. Ohio, Apr. 14, 2015) ("Since documents can normally be easily copied and, when they must be reviewed before copying that review is usually conducted by counsel, the location of documents is frequently only a minor consideration."); *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1283 (S.D. Fla. 2020) (finding location of documents to be "virtually irrelevant" when the defendant identified no prejudice that may arise from having to produce documents from outside the forum); *Bizzack Constr., LLC v. TRC Eng'rs, Inc.*, No. CV 5:20-84-KKC, 2021 WL 1230482, at *3 (E.D. Ky. Mar. 31, 2021) ("[T]he pandemic has been instrumental in highlighting the benefits of modern technology. To the extent there is additional expense or inconvenience to any of the witnesses, this may be alleviated though [*sic*] video depositions, remote testimony, or other technological means."); *Salebuild, Inc. v. Flexisales, Inc.*, 633 F. App'x 641, 643 (9th Cir. 2015) ("[I]n this age

of robust video conferencing technology, one would expect relative travel costs to be a non-issue, regardless of the precise number of witnesses present in either locale."). And although the bulk of the Products at issue are located in Iowa, Defendant has not asserted that inspection of the Products will be necessary to resolve the claims or counterclaims. As such, inventory location is not relevant in this case.

Nor do the public interest factors favor transfer. Defendant does not argue that the Southern District of Iowa's docket is any less congested than that of this Court. And given that this case has substantial connections to both Iowa and Ohio (and more tenuous connections to Idaho, New York, and Utah) it cannot be described as a "local controversy" in which Iowa has a unique interest. Finally, the Agreement and Addendum provide that they are governed by Minnesota and Delaware law, respectively, such that neither Iowa nor Ohio is a forum "at home with the law." *See Atl. Marine*, 572 U.S. at 62 n.2.

In sum, venue is equally proper in the Southern District of Ohio and the Southern District of Iowa, Plaintiff's initial choice of venue is entitled to deference, and the convenience and public-interest factors are neutral. "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 645–46. Although Iowa may be an equally convenient forum in which to litigate this action, Defendant has not shown that it would be a *more* convenient forum. Accordingly, transfer under § 1404(a) is inappropriate.

## IV. DISPOSITION

For these reasons, Plaintiff's Motion to Transfer Venue (ECF No. 20) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

7